IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED 2017 APR 26 AM 10: 26
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| RONALD S. KINCADE, § | |
| TDCJ # 2005921, § | |
|    Petitioner, § | |
| § | |
| v. § | EP-16-CV-357-DB |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|    Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ronald S. Kincade challenges Respondent Lorie Davis's custody over him through an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 11).[1] He attacks his state-court convictions and sentences for assault on a family member[2] and driving while intoxicated.[3] Kincade asserts the prosecutor should have dismissed the assault charge, the trial court should have granted him more pre-trial credit, and his counsel should have provided constitutionally effective assistance. Davis asks the Court to dismiss Kincade's petition because, she asserts, the statute of limitations bars his claims.[4] Kincade did not file a reply to Davis's answer; he filed a second amended complaint. For the reasons discussed below, the Court will deny Kincade's petition. Additionally, the Court will deny Kincade a certificate of appealability.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] *State v. Kincade*, Cause No. 20100D04303 (120th Dist. Ct. El Paso Cnty., Tex. Sept. 7, 2011).

[3] *State v. Kincade*, Cause No. 20140D02215 (120th Dist. Ct. El Paso Cnty., Tex. Apr. 30, 2015).

[4] Resp't's Answer 1, ECF No. 13.

## BACKGROUND AND PROCEDURAL HISTORY

Davis has custody of Kincade pursuant to two concurrent, three-year sentences imposed in the 120th Judicial District Court in El Paso County, Texas.

In cause number 2014D02215, the State charged Kincade with driving while intoxicated, third or more. On April 30, 2015, Kincade pleaded guilty, pursuant to a plea agreement, and waived his right to appeal.[5] The trial court sentenced him to three years' imprisonment, with credit for time served.[6] Kincade did not appeal. On July 22, 2015, the trial court entered a judgment nunc pro tunc increasing the amount of his pretrial jail credit.[7] Specifically, it gave Kincade credit "From 04/02/14 to 04/02/14 From 06/05/14 to 10/06/14 From 03/23/15 to 04/30/15 From 10/06/14 to 10/31/14."[8]

In Cause No. 20100D04303, Kincade pleaded guilty to for assault on a family member on September 7, 2011.[9] The trial court suspended his ten-year sentence for a ten-year term of community supervision.[10] On the same day the trial court entered the driving-while-intoxicated judgment, April 30, 2015, Kincade stipulated to the allegations in a motion to revoke. The trial court then revoked his community supervision and reduced his ten-year sentence to three-years in

---

[5] State Court Records, Attach 4 (J., May 6, 2015), ECF No. 14-4, pp. 6-7.

[6] *Id.* at p. 6.

[7] *Id.*, Attach 4 (J. Nunc Pro Tunc, July 22, 2015), ECF No. 14-4, pp. 19-20.

[8] *Id.* at p. 19.

[9] *Id.*, Attach. 6 (J., Sept. 22, 2011), ECF No. 14-6, pp. 8-24.

[10] *Id.* at p. 8.

prison, concurrent with the driving while intoxicated sentence.[11] Kincade did not appeal. On July 22, 2015, the trial court entered a judgment nunc pro tunc increasing the amount of Kincade's pre-revocation jail credit.[12] Specifically, it gave Kincade credit "From 11/04/10 to 11/05/10 From 05/11/11 to 09/13/11 From 08/23/13 to 09/19/13 From 10/25/13 to 10/29/13 From 05/13/14 to 10/06/14 From 10/06/14 to 10/31/14 From 03/23/15 to 04/30/1."[13]

On April 20, 2016, Kincade mailed a state application for writ of habeas to the trial court requesting more pre-sentence time credit, which was file-stamped by the clerk on April 28, 2016.[14] On June 22, 2016, the Texas Court of Criminal Appeals dismissed Kincade's application, noting that a petition for writ of mandamus, rather than a writ of habeas corpus, was the correct procedure to raise a time-credit claim in the Court of Criminal Appeals.[15]

On April 7, 2016, Kincade mailed a state writ application to the trial court, which was also file-stamped by the clerk on April 28, 2016.[16] In his petition, Kincade challenged his assault conviction, questioned the calculation of his pre-trial time credits, and asserted his counsel provided ineffective assistance in his assault case. On June 22, 2016, the Texas Court of Criminal

---

[11] *Id.*, Attach. 6 (J. Revoking Community Supervision, Apr. 30, 2015), ECF No. 14-6, pp. 43-44.

[12] *Id.*, Attach. 6 (J. Nunc Pro Tunc, July 22, 2015), ECF No. 14-6, pp. 45-46.

[13] *Id.* at p. 45.

[14] *Id.*, Attach 4 (Pet'r's Pet., *Ex Parte Kincade*, No. WR-68,662-02), ECF No. 14-4, pp. 21-39.

[15] *Id.*, Attach 3 (Action Taken, *Ex Parte Kincade*, No. WR-68,662-02), ECF No. 14-3 (citing *Ex parte Florence*, 319 S.W.3d 695 (Tex. Crim. App. 20010); *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004)).

[16] *Id.*, Attach. 6 (Pet'r's Pet., *Ex Parte Kincade*, No. WR-68,662-03), ECF No. 14-6, pp. 47-66.

Appeals denied and dismissed Kincade's application for writ of habeas corpus with a written order.[17]

On June 1, 2016, Kincade mailed his original petition for a writ of habeas corpus to the Court (ECF No. 3), followed by a first amended petition on September 28, 2016 (ECF No. 11). His claims in his first amended petition restate and relate back to the claims in his original petition. Davis answered on February 9, 2017 (ECF No. 13). Kincade replied with an a second amended petition filed on December 16, 2016 (ECF No. 17).

Mindful of Kincade's *pro se* status,[18] the Court understands him to assert three grounds for relief in his first amended petition (ECF No. 11). First, he claims the State should have dismissed the assault-on-a-family-member charge because a jury found him not guilty of aggravated assault with a deadly weapon on the same family member only a month before he entered his plea.[19] Second, he contends he is "missing" credit toward his sentences for the time he spent in a rehabilitation center and in jail between April 2, 2014, and September 4, 2014.[20] Finally, he

---

[17] *Id.*, Attach. 5 (Action Taken, *Ex Parte Kincade*, No. WR-68,662-03, June 22, 2016), ECF No. 14-5. *See also*, Attach. 7 (Order, *Ex Parte Kincade*, No. WR-68,662-03, June 22, 2016), ECF No. 14-7; *Ex Parte Kincade*, No. WR-68,662-03, 2016 WL 3563282, at *1 (Tex. Crim. App. June 22, 2016) ("After a review of the record, we find that Applicant's claims challenging the merits of his conviction are without merit. Therefore, we deny relief.").

[18] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotation marks omitted); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

[19] Pet'r's Am. Pet. 6, ECF No. 11. *See State v. Kincade*, Cause No. 20100D03833 (120th Dist. Ct. El Paso Cnty., Tex. Aug. 1, 2011).

[20] *Id.*

maintains his trial counsel provided constitutionally ineffective assistance with regard to the assault on a family member conviction when she failed to challenge the indictment and collaborated with the district attorney to obtain his conviction.[21] Kincade asks the Court to order the Texas Board of Pardons and Paroles to review his case for discretionary mandatory supervision without considering his previous trial on a charge of aggravated assault with a deadly weapon on a same family member,[22] which resulted in an acquittal.[23]

## APPLICABLE LAW

### A. 28 U.S.C. § 2254

"[C]ollateral review is different from direct review,"[24] and the writ of habeas corpus is "an extraordinary remedy"[25] reserved for those petitioners whom "society has grievously wronged."[26] It "is designed to guard against extreme malfunctions in the state criminal justice system."[27] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[28] They must decide whether the petitioner is "in custody in violation of the

---

[21] *Id.* at p. 7.

[22] *State v. Kincade*, Cause No. 20100D03833 (120 Dist. Ct., El Paso Cnty., Tex. Aug. 1, 2011).

[23] Pet'r's Am. Pet. 7.

[24] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[25] *Id.*

[26] *Id.* at 634.

[27] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[28] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

Constitution or laws or treaties of the United States."[29] They must generally defer to state court decisions on the merits[30] and on procedural grounds.[31] They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[32]

## B. Limitations

Claims under § 2254 are generally subject to a one-year statute of limitations.[33] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[34]

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[29] *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) *holding modified by Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

[30] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[31] *Coleman*, 501 U.S. at 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[32] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[33] *See* 28 U.S.C. § 2244(d)(1) (2012) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[34] *Id.* §§ 2244(d)(1)(A)–(D).

pending."[35] Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[36] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[37] It is justified only "'in rare and exceptional circumstances.'"[38] Such circumstances include situations in which a petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[39] Moreover, "'[e]quity is not intended for those who sleep on their rights.'"[40] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[41]

Furthermore, a petitioner has the burden of proving that he is entitled to equitable tolling.[42] In order to satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254

---

[35] *Id.* § 2244(d)(2).

[36] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[37] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[38] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[39] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[40] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[41] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[42] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

petition.[43] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[44] The limitation and the tolling provisions of § 2244 "promote[] the exhaustion of state remedies while respecting the interest in the finality of state court judgments."[45]

With these principles in mind, the Court turns to Kincade's petition.

## ANALYSIS

### A. Kincade's First and Third Grounds for Relief are Time Barred

As an initial matter, Kincade does not indicate that any unconstitutional "State action" prevented him from filing for federal relief.[46] Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactively applicable to cases on collateral review.[47] Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction.[48] Thus, Kincade's limitations period began to run when his judgment of conviction became final.[49]

Different dates govern when Kincade's limitations began to run.

---

[43] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[44] *Cousin*, 310 F.3d at 848.

[45] *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (quoting *Duncan v. Walker*, 533 U.S. 167, 178 (2001)).

[46] 28 U.S.C. § 2244(d)(1)(B).

[47] *Id.* § 2244(d)(1)(C).

[48] *Id.* § 2244(d)(1)(D).

[49] *Id.* § 2244(d)(1)(A).

Grounds one and three in his amended petition refer only to Kincade's September 7, 2011, judgment, entered after he pleaded guilty to assault on a family member in Cause No. 20100D04303. In his first ground for relief, Kincade claims the State should have dismissed the assault-on-a-family-member charge before he entered his plea because a jury found him not guilty of aggravated assault with a deadly weapon on the same family member only a month before he entered his plea.[50] In his third ground for relief, he maintains his trial counsel provided constitutionally ineffective assistance with when she failed to challenge the indictment and collaborated with the district attorney to obtain his conviction.[51]

Texas law allows a defendant who pleads guilty and receives community supervision to appeal issues relating to those proceedings at the time he is placed on supervision.[52] Since Kincade did not file a notice of appeal, his conviction became final thirty days later on Friday, October 7, 2011.[53] "Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of . . . section 2244, the one-year statute of limitations, for challenging substantive issues of the orders of deferred adjudication, began to run when the order deferring adjudication became final."[54] Absent periods of statutory tolling, Kincade's federal limitations period expired one year later, on Sunday, October 7, 2012, which allowed timely filing

---

[50] Pet'r's Am. Pet. 6.

[51] *Id.* at p. 7.

[52] Tex. Code. Crim. Proc. art. 42.12, § 23(b); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

[53] Tex. R. App. P. 26.2(a).

[54] *Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005).

until Monday, October 8, 2012.[55] Because Kincade signed his state writ application on April 7, 2016—well after the limitations period had expired—it did not toll the limitations period.[56] Thus, when Kincade filed his original federal petition on June 1, 2016, he asserted his claims well over three years too late.

Kincade offers no explanation for the delay in raising his claims in his amended petition.[57] His pleading suggest he may suffer from mental illness. "[W]hile mental illness may toll [the] statute of limitations, it does not do so as a matter of right. Further, petitioner bears the burden of proving 'rare and exceptional circumstances' justifying such tolling."[58] Moreover, "equitable tolling 'will not be applied where the applicant failed to diligently pursue' relief."[59] In this case, Kincade has not shown that he has pursued his rights diligently, or that some extraordinary circumstance stood in his way of timely filing his § 2254 motion.[60] He is not entitled to equitable tolling. Grounds one and three are time barred.

---

[55] *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in §2244(d)).

[56] State Court Records, Attach. 6 (Pet'r's Pet., *Ex Parte Kincade*, No. WR-68,662-03, Apr. 7, 2016), ECF No. 14-6, pp. 47-66. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired") (emphasis in original).

[57] Pet'r's Am. Pet. 9.

[58] *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) (internal quotation marks omitted)).

[59] *Id.*

[60] *Lawrence*, 549 U.S. at 336.

The remaining ground questioning Kincade's pre-trial time credits is not time-barred.[61] Both the revocation proceedings and the conviction for driving while intoxicated occurred on April 30, 2015.[62] Since Kincade did not file a notice of appeal, his conviction became final thirty days later on Saturday, May 30, 2015.[63] This allowed for the timely filing of an appeal until Monday, June 1, 2015.[64] Kincade's federal limitations period expired one year later on Wednesday, June 1, 2016. Kincade signed and mailed his original federal petition on June 1, 2016 (ECF No. 3).[65] His federal petition was, therefore, timely.

## B. Kincade Is Not Entitled to Relief on His Remaining Claim

In his second ground for relief, Kincade repeats a claim he made in his state habeas petitions. He asserts he should receive credit toward his sentences for time he spent at the West Texas Behavioral Health and Residential Center and in the county jail. He explains "I'm getting credit for ... 6 months from October 24, 2014 through July 14, 2015 and not getting credit for April

---

[61] Pet'r's Am. Pet. 6.

[62] Id.

[63] Tex. R. App. P. 26.2(a)(1).

[64] Flanagan, 154 F.3d at 202.

[65] The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with "leave of court" any time during a proceeding. See Fed. Rule Civ. Proc. 15(a). Before a responsive pleading is served, pleadings may be amended once as a "matter of course," i.e., without seeking court leave. Id. Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2). Kincade filed a third petition for a writ of habeas corpus (ECF No. 17) without leave of the Court after Respondent filed an answer. The third petition restates the same issues that he raised in his two earlier petitions.

2, thru . . . September 4, 2014 order to go to West Texas Behavioral Health and Residential Center."[66]

The Texas Court of Criminal Appeals dismissed this claim.[67] It explained "[w]here an inmate seeks pre-sentence jail time credit, '[t]he appropriate remedy in this situation is to require Applicant to present the issue to the trial court by way of a nunc pro tunc motion, . . . [and] [i]f the trial court fails to respond, Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus, unless there is a compelling reason not to do.'"[68]

In Texas "writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that [the court] declined to consider the claim for reasons unrelated to the claim's merits."[69] "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"[70] "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of

---

[66] Pet'r's Am. Pet. 6; State Court Records, Attach 4 (Pet'r's Pet., *Ex Parte Kincade*, No. WR-68,662-02), ECF No. 14-4, pp. 26-27; *Id.*, Attach. 6 (Pet'r's Pet., *Ex Parte Kincade*, No. WR-68,662-03, Apr. 7, 2016), ECF No. 14-6, pp. 54-55. *See* Resp't's Answer, Ex. A (Aff. of Charley Valdez) (explaining the Texas Department of Criminal Justice gave Kincade credit toward his driving while intoxicated sentence starting on October 25, 2014, with a discharge date of October 24, 2017, and credit toward his assault sentence beginning on April 30, 2015, with a discharge date of April 28, 2017.).

[67] *Ex Parte Kincade*, No. WR-68,662-03, 2016 WL 3563282, at *1 (Tex. Crim. App. June 22, 2016).

[68] *Id.* (quoting *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004)).

[69] *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

[70] *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (quoting *Coleman*, 501 U.S. at 729).

the claim on the merits."[71]

In this case, however, the Court of Criminal Appeals overlooked the fact that the trial court had already issued a judgment nunc pro tunc in each of the two cases. In cause number 2014D02215, the trial court increased the amount of Kincade's pretrial jail credit on July 22, 2015.[72] Specifically, it gave Kincade credit "From 04/02/14 to 04/02/14 From 06/05/14 to 10/06/14 From 03/23/15 to 04/30/15 From 10/06/14 to 10/31/14."[73] In Cause No. 20100D04303, the trial court entered a judgment nunc pro tunc increasing the amount of Kincade's pre-revocation jail credit on July 22, 2015.[74] Specifically, it gave Kincade credit "From 11/04/10 to 11/05/10 From 05/11/11 to 09/13/11 From 08/23/13 to 09/19/13 From 10/25/13 to 10/29/13 From 05/13/14 to 10/06/14 From 10/06/14 to 10/31/14 From 03/23/15 to 04/30/1."[75]

In his first amended petition, Kincade contends he is "missing" credit toward his sentences for time spent between April 2, 2014, and September 4, 2014, in a rehabilitation center and in jail.[76] But the record shows the trial court gave Kincade credit for the time he spent in custody on April 2, 2014, and from May 13, 2014, through October 31, 2014.[77]

---

[71] *Walker v. Martin*, 562 U.S. 307, 315 (2011).

[72] State Court Records, Attach 4 (J. Nunc Pro Tunc, July 22, 2015), ECF No. 14-4, pp. 19-20.

[73] *Id.* at p. 19.

[74] *Id.*, Attach. 6 (J. Nunc Pro Tunc, July 22, 2015), ECF No. 14-6, pp. 45-46.

[75] *Id.* at p. 45.

[76] Pet'r's Am. Pet. 6.

[77] State Court Records, Attach 4 (J. Nunc Pro Tunc, July 22, 2015), ECF No. 14-4, p. 19; Attach. 6 (J. Nunc Pro Tunc, July 22, 2015), ECF No. 14-6, p. 45.

The trial court's judgments nunc pro tunc are the last reasoned opinion on Kincade's time credits. While Kincade may disagree with the trial court's determinations, nowhere does he assert that the trial court's actions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[78] Furthermore, Kincade made no specific showing that the state court's actions resulted in decisions that were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[79]

A federal habeas court must generally defer to state court decisions on the merits[80] and on procedural grounds.[81] A federal habeas court may also not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[82] Accordingly, the Court finds Kincade is not entitled to § 2254 relief on this claim. The Court will not order the Texas Board of Pardons and Paroles to consider releasing Kincade on mandatory supervision.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[83] A certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on

---

[78] 28 U.S.C. § 2254(d)(1) (2012).

[79] *Id.* § 2254(d)(2).

[80] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[81] *Coleman*, 501 U.S. at 729-30; *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[82] *Estelle*, 502 U.S. at 67-68; *West*, 92 F.3d at 1404.

[83] 28 U.S.C. § 2253(c)(1) (2012). *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

which a certificate of appealability is granted.[84] Although Kincade has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[85]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[86] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[87] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[88] Here, Kincade is not entitled to a certificate of appealability because reasonable jurists would not find the Court's procedural or substantive rulings debatable.

## CONCLUSION AND ORDERS

After carefully reviewing the record, the Court finds that two of Kincade's grounds for relief are time barred and he is not entitled to equitable tolling. With regard to the remaining ground, Kincade has failed to show the state courts' denial of relief on his claim was contrary to or

---

[84] *See* 28 U.S.C. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[85] *See* 28 U.S.C. foll. §2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[86] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[87] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[88] *Id.*

involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. The Court therefore concludes that Kincade is not entitled relief under 28 U.S.C. § 2254. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Ronald S. Kincade's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 11) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner Ronald S. Kincade is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS FINALLY ORDERED** that all pending motions are **DENIED AS MOOT.**

**SO ORDERED.**

SIGNED this 26th day of April, 2017.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE